UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IPFS CORPORATION, ) <br>                Plaintiff(s), ) <br> vs. ) <br> LORRAINE CARRILLO, ) <br>                Defendant(s). ) | Case No. 2:14-cv-00509-GMN-NJK[1] <br><br> ORDER DENYING MOTIONS WITHOUT PREJUDICE <br><br> (Docket Nos. 76, 82) |

Pending before the Court is Defendant's counter-motion for sanctions pursuant to Rule 37(c). Docket No. 82.[2] Plaintiff filed a response and Defendant filed a reply. Docket Nos. 87, 88. Also pending before the Court is a motion to reopen discovery, which has been fully briefed. Docket Nos. 76, 81, 86. The Court finds the motions properly decided without a hearing. *See* Local Rule 78-2. For the reasons discussed more fully below, the counter-motion for sanctions is hereby **DENIED** without prejudice, and any renewed motion for sanctions must be filed no later than August 20, 2015. The motion to reopen discovery is also **DENIED** without prejudice, and any renewed motion to reopen discovery may be filed as appropriate following resolution of the motion for sanctions.

---

[1] The case number in this case was changed on March 20, 2015. *See* Docket No. 70 ("All further documents must bear the correct case number **2:14-cv-00509-GMN-NJK**" (emphasis in original)). Counsel have routinely violated that order in their subsequent filings and are once again ORDERED to file documents bearing the correct case number.

[2] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

## I.     STANDARDS

Rule 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request. The disclosures must include a computation of each category of damages claimed by the disclosing party. *See* Rule 26(a)(1). In the event that a party learns that its disclosures are incomplete or inaccurate, it has a duty to supplement them "in a timely manner." *See* Rule 26(e).

"Rule 26 does not elaborate on the level of specificity required in the initial damages computation." *Allstate Ins. Co. v. Nassiri*, 2011 WL 2977127, *4 (D. Nev. July 21, 2011). "A computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff." *LT Game Int'l Ltd. v. Shuffle Master, Inc.*, 2013 WL 321659, *6 (D. Nev. Jan. 28, 2013). Nonetheless, the word "computation" contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages. *Allstate Ins*, 2011 WL 2977127, at *4. A plaintiff should disclose the basic method or formula by which it contends its damages should or will be calculated even if it cannot identify the specific dollar amount of damages pending further discovery. *Id.* "A party must make its initial disclosures based on the information then reasonably available to it." Rule 26(a)(1)(E). "While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011). "A party is not excused from making its disclosures because it has not fully investigated the case." Rule 26(a)(1)(E).

When a party fails to meet its initial disclosure obligations, the Court turns to Rule 37(c) to determine whether sanctions are appropriate. Rule 37(c)(1) provides that a non-compliant party is "not allowed to use the information . . . at trial, unless the failure was substantially justified or harmless." The party facing the sanction has the burden of showing substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). Even where non-disclosure was neither harmless nor justified, however, the Court is not required in all instances to exclude evidence as a sanction. *Jackson*, 278 F.R.D. at 594. Rule 37(c)(1) also enumerates a number of other potential sanctions, including payment of reasonable expenses incurred, an order that the

movant may inform the jury of the opposing party's failure, and any other "appropriate" sanction, including those listed in Rule 37(b)(2)(A)(i)-(vi).

The court has wide discretion in determining the appropriate sanction. *See Yeti*, 259 F.3d at 1106. In exercising that discretion, the Court looks to five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Moreover, where evidence exclusion "amount[s] to dismissal of a claim, the district court [is] required to consider whether the noncompliance involved willfulness, fault, or bad faith." *R&R Sails, Inc. v. Insurance Co. Of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

**II.   ANALYSIS**

Perhaps because the briefing was conjoined with the briefing on Plaintiff's motion to reopen discovery, the parties' briefing on the pending counter-motion for sanctions is not sufficiently developed.[3] Most significantly, the parties failed to sufficiently address the relevant considerations that inform the type of sanction to be imposed in the event the Court finds the plaintiff did not comply with its initial disclosure obligations. Neither party addresses the *Wendt* factors, nor does either party explain whether the sanctions sought "amount to dismissal of a claim" and thereby trigger the additional consideration of willfulness, fault, or bad faith. Indeed, Defendant's counter-motion does not explain which sanction fits the circumstances of this case, but rather lists six different sanctions that could be imposed. *See* Docket No. 82 at 8. Plaintiff's response devotes roughly two pages of argument in responding to the counter-motion. *See* Docket No. 87 at 7-9.

---

[3] The Court herein focuses its attention on the briefing contained in the counter-motion and the response, as issues raised for the first time in reply are generally not considered. *See, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam). The Court notes that the reply is significantly more developed and addresses some of the issues outlined herein. The counter-motion itself failed to do so. Moreover, some of Defendant's positions are not entirely consistent. *Compare* Docket No. 82 at 8 n.3 (arguing that a finding of willfulness or bad faith is not necessary for Rule 37 sanctions) *with* Docket No. 88 at 9 (acknowledging that a court must consider willfulness and bad faith before imposing certain types of sanctions). The Court declines to consider at this time the arguments raised by Defendant for the first time in reply and, instead, finds it more appropriate for the motion to be re-filed and re-briefed.

There is a robust body of case law in the Ninth Circuit and in this District in particular regarding: (1) whether a damages calculation is non-compliant with a plaintiff's initial disclosure obligations; (2) whether any non-compliance was substantially justified or harmless; and (3) how the Court fashions an appropriate sanction. Defendant's counter-motion raises serious concerns and seeks significant relief.[4] The Court declines to weigh in on such important issues without a more meaningful analysis presented in a manner such that it is properly before the Court (*i.e.*, not raised for the first time in reply). Accordingly, the counter-motion for sanctions is hereby **DENIED** without prejudice.

Defendant may renew that motion no later than August 20, 2015, at which time the motion will proceed along the normal briefing schedule unless otherwise ordered. Any renewed motion and subsequent respsone shall also address whether the order resolving the motions for summary judgment (Docket No. 85) has any bearing on Defendant's request for sanctions.

Lastly, because Plaintiff's motion to reopen discovery may be mooted by the ruling on Defendant's motion for sanctions, the motion to reopen discovery is hereby **DENIED** without prejudice. Plaintiff may renew its motion to reopen discovery following issuance of a ruling on the motion for sanctions as appropriate.

**IT IS SO ORDERED.**

DATED: August 6, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[4] The Court expresses no opinion herein regarding the merits of the counter-motion.