1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                               **DISTRICT OF NEVADA**

10

11   IPFS CORPORATION,                     )
                                           )        Case No. 2:14-cv-00509-GMN-NJK
                   Plaintiff(s),           )
12                                         )        ORDER
     vs.                                   )
13                                         )
     LORRAINE CARRILLO,                    )        (Docket No. 93)
14                                         )
                   Defendant(s).           )
15   _____)

16          Pending before the Court is Defendant's motion for sanctions pursuant to Rule 37(c).  Docket

17   No. 93.[1]  Plaintiff filed a response and Defendant filed a reply.  Docket Nos. 94, 95.  The motion came

18   on for hearing on September 24, 2015.  Docket No. 97.  For the reasons discussed more fully below, the

19   motion for sanctions is hereby **GRANTED** in part and **DENIED** in part.

20   **I.      STANDARDS**

21          Rule 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without

22   awaiting a discovery request.  The disclosures must include a computation of each category of damages

23   claimed by the disclosing party.  *See* Fed. R. Civ. P. 26(a)(1).  In the event that a party learns that its

24   disclosures are incomplete or inaccurate, it has a duty to supplement them "in a timely manner."  *See*

25   Fed. R. Civ. P. 26(e).

26

27   _____

28          [1]  Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

1    "Rule 26 does not elaborate on the level of specificity required in the initial damages

2    computation." *Allstate Ins. Co. v. Nassiri*, 2011 WL 2977127, *4 (D. Nev. July 21, 2011). "A

3    computation of damages may not need to be detailed early in the case before all relevant documents or

4    evidence has been obtained by the plaintiff." *LT Game Int'l Ltd. v. Shuffle Master, Inc.*, 2013 WL

5    321659, *6 (D. Nev. Jan. 28, 2013).  Nonetheless, the word "computation" contemplates some analysis

6    beyond merely setting forth a lump sum amount for a claimed element of damages. *Allstate Ins*, 2011

7    WL 2977127, at *4.  A plaintiff should disclose the basic method or formula by which it contends its

8    damages should or will be calculated even if it cannot identify the specific dollar amount of damages

9    pending further discovery. *Id.*  "A party must make its initial disclosures based on the information then

10   reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E).  "While a party may not have all of the

11   information necessary to provide a computation of damages early in the case, it has a duty to diligently

12   obtain the necessary information and prepare and provide its damages computation within the discovery

13   period." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011).  "A party

14   is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ.

15   P. 26(a)(1)(E).

16   When a party fails to meet its initial disclosure obligations, the Court turns to Rule 37(c) to

17   determine the appropriate sanction.  Rule 37(c)(1) provides that a non-compliant party is "not allowed

18   to use the information . . . at trial, unless the failure was substantially justified or harmless."  The party

19   facing the sanction has the burden of showing substantial justification or harmlessness. *See Yeti by*

20   *Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).  Even where non-

21   disclosure was neither harmless nor justified, however, the Court is not required in all instances to

22   exclude evidence as a sanction. *Jackson*, 278 F.R.D. at 594.  Rule 37(c)(1) also enumerates a number

23   of other potential sanctions, including payment of reasonable expenses incurred, an order that the

24   movant may inform the jury of the opposing party's failure, and any other "appropriate" sanction,

25   including those listed in Rule 37(b)(2)(A)(i)-(vi).

26   The court has "particularly wide latitude" in determining the appropriate sanction. *See Yeti*, 259

27   F.3d at 1106; *see also Risinger v. SOC, LLC*, 306 F.R.D. 655, 662 (D. Nev. 2015).  In exercising that

28   discretion, the Court looks to five factors: (1) the public's interest in expeditious resolution of litigation;

1   (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the

2   public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

3   sanctions. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Moreover, where evidence

4   exclusion "amount[s] to dismissal of a claim, the district court [is] required to consider whether the

5   noncompliance involved willfulness, fault, or bad faith," as well as whether less drastic sanctions are

6   available. *R&R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).[2]

7   **II.    BACKGROUND**

8       This is a case involving a non-compete clause and alleged damage flowing from a former

9   employee soliciting Plaintiff's clients in her current employment with one of Plaintiff's competitors.

10  The primary relief sought by Plaintiff was an injunction preventing Defendant from soliciting its clients

11  during the prohibited contractual period. *See, e.g.*, Docket No. 10. Plaintiff's motion for a preliminary

12  injunction was denied based on an insufficient showing of a likelihood of success on the merits or a

13  likelihood of irreparable harm. Docket No. 37. The Court further found that issues concerning

14  modification of the agreement were better resolved following discovery. *See* Docket No. 37 at 7.

15  Plaintiff then filed a motion for summary judgment, which the Court granted. Docket No. 85. Based

16  on the procedural posture of the case, issuance of the order granting summary judgment resulted in an

17  injunction that lasted roughly two weeks. *See id.* at 10.

18      The order granting summary judgment also concluded that Defendant had breached the

19  underlying contract and left for trial the issue of damages. *See id.* at 9. With respect to damages,

20  Plaintiff's initial disclosure provided neither an estimated amount of damages to be claimed, nor any

21  explanation of the methodology that would be used to compute damages. *See, e.g.*, Docket No. 73-1 at

22  3. On the last day of discovery, Plaintiff supplemented its disclosure to by referencing "revenue" earned

23  by Defendant in violation of her contractual obligations and citing a spreadsheet provided by

24

25

_____

26      [2] There is tension in the Ninth Circuit's case law on this point. *See, e.g.*, *Toyrrific, LLC v.*

27  *Karapetian*, 606 Fed. Appx. 365, 366 n.1 (9th Cir. June 2, 2015) (discussing *Hoffman v. Constr. Protective*
    *Servs., Inc.*, 541 F.3d 1175 (9th Cir. 2008)). Nonetheless, it appears that *R&R Sails* is the governing law

28  on the issue and the Court will apply it. *See id.*

Defendant's current employer. *See, e.g.*, Docket No. 73-2 at 4. Defendant now seeks sanctions on the basis that these disclosures were insufficient.

### III.    ANALYSIS

Defendant's motion seeks two alternative types of sanctions based on her contention that Plaintiff failed to comply with its duty to provide a proper damages calculation: (1) exclusion of all damages evidence at trial or (2) the reopening of discovery and supplementation of the damages calculation. *See* Docket No. 93 at 1. The primary sanction sought of exclusion of all damages evidence is not properly imposed in this case. As noted above, based on the procedural posture of the case, the injunctive relief awarded Plaintiff was limited to two weeks at the end of the restriction period. To exclude damages would prevent Plaintiff from obtaining any other relief and would be a fatal blow to Plaintiff's case tantamount to dismissal. In these circumstances, the Court must consider willfulness, fault or bad faith with respect to the failure to provide a proper computation of damages. *R&R Sails*, 673 F.3d at 1247. Willfulness, fault or bad faith are absent in this case. The Court agrees with Defendant's attorney's summation at the hearing that it is difficult to conclude anything other than Plaintiff was fixated on obtaining injunctive relief and, as a result, was derelict in its obligations to provide a proper damages computation. Hearing Rec. (9/24/2015) at 3:10 p.m. (Defendant's attorney arguing: "It's difficult to conclude anything other than they were pursuing the case as an injunction case, as an equitable remedies case, at the last minute they realized they . . . hadn't disclosed anything, they threw in something perfunctory as a token"). The Court does not condone Plaintiff's failure to comply with its initial disclosure obligations, but it does not amount to bad faith, fault or willfulness. As such, the Court will deny the request to bar Plaintiff from presenting evidence of damages at trial. Nonetheless, the Court **ADMONISHES** Plaintiff and its counsel for failing to comply with their obligation to provide a proper damages calculation and **WARNS** them that the Court expects strict compliance with all applicable rules in the future.

Having found that exclusion of damages evidence is not proper in this instance, the Court turns to Defendant's alternative relief sought. Plaintiff does not oppose the alternative request to reopen discovery and provide a supplemental damages calculation. *See, e.g.*, Docket No. 94 at 3. Under the

circumstances, the Court agrees with the parties that reopening discovery and requiring a supplemental damages calculation is the appropriate remedy.[3]

**IV.     CONCLUSION**

For the reasons discussed more fully above, the motion for sanctions is hereby **GRANTED** in part and **DENIED** in part.  The parties shall immediately confer and provide a proposed plan to conduct the damages discovery and provide the supplemental calculation.  That joint proposal shall be submitted no later than October 13, 2015.

**IT IS SO ORDERED.**

DATED: October 6, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] The Court declines to award attorneys' fees.  The relief provided through this order was unopposed and could have been presented to the Court through stipulation.