UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IFPS CORPORATION, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> LORRAINE CARRILLO, ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:14-cv-00509-GMN-NJK <br><br> ORDER <br><br> (Docket No. 102) |

Pending before the Court is Defendant's motion for sanctions, filed on an emergency basis. Docket No. 102. That motion seeks an order precluding Plaintiff from presenting any damages evidence. *See id.* at 10.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, ___ F. Supp. 3d ___, 2015 WL 6123192, *2 (D. Nev. Oct. 16, 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 2015 WL 6123192, at *2-3. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances.

Emergency motions must as a threshold matter meet several technical requirements outlined in the local rules. First, the face of the motion itself must be entitled an "Emergency Motion" so the Court has prompt notice that expedited relief is being requested. Local Rule 7-5(d). Second, the emergency motion must be accompanied by an affidavit providing several key facts necessary for the Court to determine whether, in fact, an emergency exists and allowing the Court to provide the fairest, most efficient resolution. *Id.* This affidavit must include a detailed description of the nature of the emergency. *See id.* The affidavit must also provide the contact information (telephone number and office addresses) of the movant and all other affected parties. *See id.* The affidavit must also provide a certification that, despite personal consultation and sincere effort to do so, the movant was unable to resolve the matter without court action. *See, e.g.*, Local Rule 7-5(d)(3). If the circumstances are such that personal consultation is truly not possible, the movant must provide a detailed explanation why that is the case so the Court can evaluate whether to exercise its discretion to decide the motion despite the lack of a proper pre-filing conference. *See id*. Similarly, if no notice whatsoever was provided to the opposing party regarding the filing of the motion, the affidavit must include a detailed explanation of why it was not practicable to provide that notice. *See id.*

If these technical requirements are met, the Court will turn to the substantive requirements for filing an emergency motion. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-5(d)(3). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 2015 WL 6123192, at *4 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 2015 WL 6123192, at *4 . If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "it is the creation of the crisis–the necessity for bypassing regular motion

procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 2015 WL 6123192, at *4 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193.

In this instance, the motion for sanctions was filed on an emergency basis in light of various upcoming pretrial deadlines, as well as the scheduled bench trial in February. *See* Docket No. 102 at 3. If the motion is heard on the default schedule, briefing will be completed on December 21, 2015. *See* Local Rule 7-2. The only deadline prior to that date is the deadline for the parties to amend their joint pretrial order, and Defendant fails to explain sufficiently why the parties are unable to comply with that deadline if the motion for sanctions remains pending or why a request to extend that deadline is not preferable to deciding on an emergency basis a motion seeking such significant relief as excluding all damages evidence. The only other deadline in the proximity of December 21, 2015, is the deadline to file motions in limine a few weeks later, and Defendant fails to explain sufficiently why it is unable to file motions in limine if the motion for sanctions remains pending, why it will be irreparably harmed if the pending motion for sanctions is decided after motions in limine are filed, or why a request to extend that deadline is not preferable to deciding on an emergency basis a motion seeking such significant relief as excluding all damages evidence. Given these circumstances, a sufficient showing of irreparable injury has not been made and the Court declines to decide the pending motion on an emergency basis.

The Court ORDERS that the motion for sanctions be briefed and decided in the normal course.[1]

IT IS SO ORDERED.

DATED: November 25, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] To the extent either or both parties deem it appropriate, they may file a request to extend any of the noted deadlines. The Court does not herein express an opinion as to whether that request will be granted.