UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IPFS CORPORATION, ) | |
| ) | Case No. 2:14-cv-00509-GMN-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| LORRAINE CARRILLO, ) | (Docket No. 102) |
| ) | |
| Defendant(s). ) | |

Pending before the Court is Defendant's motion for sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. Docket No. 102. Plaintiff filed a response and Defendant filed a reply. Docket Nos. 105, 108. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion for sanctions is hereby **DENIED**.

A threshold requirement for sanctions pursuant to Rule 37(b)(2) is that the opposing party "fails to obey an order." The motion fails to establish such a violation in this case. On October 6, 2015, the Court denied Defendant's motion for case-dispositive sanctions premised on Plaintiff's failure to comply with its obligations to provide a damages calculation. *See* Docket No. 98. The Court did, however, agree to reopen discovery and allow for a proper damages calculation to be provided. *See id.* at 5. The Court subsequently ordered such a damages disclosure to be provided no later than October 30, 2015, and that Plaintiff was required to make a corporate representative available for deposition on the issue of damages on November 10, 2015. Docket No. 100 ("Damages Discovery Order").

The pending motion arises out of that subsequent damages discovery and purported disobedience with the Damages Discovery Order. Defendant does not contend here that either a damages disclosure was not provided or that a deponent was not provided for deposition. Instead, Defendant argues that the representative provided for deposition (Stephen Browne) was a disguised expert witness and that he was not fully able to answer all questions at the deposition. *See* Docket No. 102 at 4-5, 9-10. With respect to the first issue, the Damages Discovery Order does require Plaintiff to provide a "corporate representative" for deposition. *See* Docket No. 100. In issuing that order, however, the Court was not expressing an opinion as to who a proper designee would be. Moreover, the applicable rules expressly allow for deposition testimony of corporate representatives or any "other persons who consent to testify on [the corporation's] behalf." Fed. R. Civ. P. 30(b)(6). Defendant has presented no legal authority that Mr. Browne's designation as a deponent violated any applicable rules.[1]

With respect to Mr. Browne's purported lack of personal knowledge, the Court also finds that the relief sought is improper. When the Court ordered Plaintiff to designate a witness for deposition, it was requiring a good faith effort to designate and prepare a deponent to testify on Plaintiff's behalf regarding damages. Plaintiff did so in this case. Moreover, if a designated deponent is unable to answer all questions despite his good faith preparation, the general remedy is the designation of another witness who can answer those questions. *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, *7 (D.

---

[1] Defendant argues that Plaintiff was required to disclose Mr. Browne as an expert witness pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure. *See* Docket No. 102 at 9. The Court disagrees. By its express language, such a disclosure is only required as to expert witnesses that a party "may use at trial." Fed. R. Civ. P. 26(a)(2)(A). Plaintiff has disavowed any intention to call Mr. Browne as a witness at trial. *See* Docket No. 105 at 5. While Defendant worries that Plaintiff may nonetheless "smuggle" in this testimony through the admission of exhibits that she contends constitute hearsay, Docket No. 108 at 4, Defendant fails to articulate why a sanction tantamount to dismissal is the proper remedy rather than lodging an objection to the admission of those exhibits. The implications of the decision not to have Mr. Browne testify at trial, including the evidence that Plaintiff may properly admit at trial, are not properly before the Court at this time through the pending motion.

Nev. Aug. 1, 2013). In this instance, Plaintiff offered up further deponents and Defendant chose not to depose them. *See* Docket No. 105-1 at ¶ 6.[2]

In short, Defendant has failed to establish a violation of a court order and, therefore, her motion for exclusion sanctions is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 28, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Defendant argues that there was no time for such depositions because the trial date is looming. *See* Docket No. 108 at 6 (asserting that the further depositions would "necessitate vacation of the current trial date"). Although an exact date of the offer to allow other deponents is not clear, it appears to have been made in late November. *See* Docket No. 105-1 at ¶ 6; *see also* Docket No. 102-1 at ¶¶ 12-15 (outlining dates of meet-and-confer efforts). At the very latest, the offer had been extended by early December. *See* Docket No. 105 (responsive brief filed on December 11, 2015). The Court disagrees that promptly conducting those depositions would have required vacating the trial date, currently set for February 8, 2016.

3